# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

JULIO CASTILLO,

|                  |                              |
|------------------|------------------------------|
| Plaintiff,       | Civil Action No. _____ |
| v.               |                              |
| WALMART INC.,    | (Formerly Case No. 2021-002140-CA-01, 11th Judicial Circuit, Miami-Dade County, Florida) |
| Defendant.       |                              |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 1367, Defendant Walmart Inc. ("Walmart") has removed the above-captioned action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the Miami Division of the United States District Court for the Southern District of Florida. As grounds for removal, Walmart states:

## I.    COMPLIANCE WITH STATUTORY REQUIREMENTS

1.      On September 16, 2019, Plaintiff Julio Castillo ("Plaintiff") filed *Julio Castillo v. Walmart Inc.* in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The court assigned the action Case No. 2021-002140-CA-01.

2.      In his Complaint, Plaintiff asserts claims for: (1) unpaid minimum and/or overtime wages in violation of the Fair Labor Standards Act; (2) breach of contract; (3) unjust enrichment; and (4) *quantum meruit*. Plaintiff seeks to recover unpaid wages, compensatory damages, punitive damages, restitution, interest, liquidated damages, and attorneys' fees and costs. Compl. ¶¶ 22, 26, 29, & 25 (Prayers for Relief).

3.      Under 28 U.S.C. § 1446(a), attached to this Notice of Removal as Exhibit A are true and correct copies of all process, pleadings, and orders in this action.

4.      Under 28 U.S.C. § 1446(d), Walmart will promptly provide written notice of removal of this action to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

## II.     TIMELINESS OF REMOVAL

5.      Walmart was served with the Complaint on February 8, 2021. Removal of this action is therefore timely because it is within 30 days of service of the Complaint on Walmart. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc.* v. *Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354-56 (1999) (30-day removal period begins to run upon service of summons and complaint).

## III.    PROPRIETY OF VENUE

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, where the state court action was pending prior to removal, is a state court within this federal district and division. *See* Local Rule 3.1.

## IV.    BASIS OF REMOVAL

7.      This action invokes the Court's original jurisdiction under 28 U.S.C. § 1331 and can be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) because Plaintiff alleges violations of the laws of the United States, namely, the Fair Labor Standards Act (29 U.S.C. § 201, et seq.) and seeks to recover damages and restitution for those violations. *See* Compl. ¶¶ 1, 16-22.

**WHEREFORE**, the above-titled action is hereby removed to this Court from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

Date: March 8, 2021                              Respectfully submitted,

                                        */s/ Christopher M. Lomax*
                                        Cindi L. Ritchey (*pro hac vice* forthcoming)
                                        critchey@jonesday.com
                                        JONES DAY
                                        4655 Executive Drive, Suite 1500
                                        San Diego, CA  92121.3134
                                        Telephone:    +1.858.314.1200
                                        Facsimile:    +1.844.345.3178

                                        Kelsey A. Israel-Trummel (*pro hac vice*
                                        forthcoming)
                                        kitrummel@jonesday.com
                                        JONES DAY
                                        555 California St., 26th Floor
                                        San Francisco, CA  94104
                                        Telephone:    +1.415.875.5831
                                        Facsimile:    + 415.875.5700

                                        Christopher M. Lomax
                                        clomax@jonesday.com
                                        Florida Bar No. 56220
                                        JONES DAY
                                        600 Brickell Avenue
                                        Brickell World Plaza, Suite 3300
                                        Miami, FL  33131
                                        Telephone:    +305.714.9700
                                        Facsimile:    +305.714.9799

                                        *Attorneys for Defendant*
                                        *WALMART INC.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 8, 2021, the foregoing was filed with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to the following at

their e-mail address on file with the Court:

Anthony M. Georges-Pierre
agp@rpgattorneys.com
Max L. Horowitz
mhorowitz@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone:      +305.416.5000
Facsimile:      +305.416.5005


*/s/ Christopher M. Lomax*
Christopher M. Lomax

# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
02/08/2021
CT Log Number 539012089

**TO:** Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** **Process Served in Florida**

**FOR:** Wal-Mart Associates, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Castillo Julio, Pltf. vs. Walmart, Inc., etc., Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summonses, Complaint |
| **COURT/AGENCY:** | Miami-Dade County Circuit Court, FL Case # 2021002140CA01 |
| **NATURE OF ACTION:** | Employee Litigation - Violation of Fair Labor Standards Act Wage and Hour Regulations |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/08/2021 at 01:01 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Anthony M. Georges-Pierre Remer & Georges-Pierre, PLLC Courthouse Tower 44 West Flagler Street, Suite 2200 Miami, FL 33130 305-416-5000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/08/2021, Expected Purge Date: 02/13/2021

Image SOP

Email Notification,  Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System 1200 South Pine Island Road Plantation, FL 33324 877-564-7529 MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 CT Corporation

**Service of Process
Transmittal**
02/08/2021
CT Log Number 539012089

**TO:**    Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:**    **Process Served in Florida**

**FOR:**   Wal-Mart Associates, Inc.  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Mon, Feb 8, 2021

**Server Name:**             George Thompson


Entity Served            WAL-MART ASSOCIATES, INC.

Agent Name               C T CORPORATION SYSTEM

Case Number              2021002140CA01

Jurisdiction             FL



2/8/2021
8:55 AM
1571
D.3.

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2021-002140-CA-01

JULIO CASTILLO,

     Plaintiff,

vs.

WALMART, INC.,
A Foreign Profit Corporation,

     Defendant.

_____/

## SUMMONS IN A CIVIL CASE

TO:                **WALMART, INC.**
                **Through Its Registered Agent:**
                C T CORPORATION SYSTEM
                1200 SOUTH PINE ISLAND ROAD
                PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY**
                **Anthony M. Georges-Pierre, Esq.**
                **REMER & GEORGES-PIERRE, PLLC**
                **COURTHOUSE TOWER**
                **44 West Flagler Street, Suite 2200**
                **Miami, FL 33130**

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

                          2/3/2021

_____      _____
CLERK                              DATE

_____ 338
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: _____

JULIO CASTILLO

      Plaintiff,

vs.

WALMART, INC.,
A Foreign Profit Corporation,

      Defendant.

_____/

## <u>COMPLAINT</u>

    COMES NOW, Plaintiff, JULIO CASTILLO ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, WALMART, and in support avers as follows:

## <u>GENERAL ALLEGATIONS</u>

1. This is an action by the Plaintiff for damages and breach of contract exceeding $30,000 excluding attorneys' fees or costs for Defendant's breach of agreement, unjust enrichment, and quantum meruit pursuant to Florida Law, and for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201, et seq. (hereinafter the "FLSA").

2. Plaintiff is currently a resident of Hillsborough County, but was, at all times material to the allegations of this Complaint, a resident of Miami-Dade County, Florida; and was an employee of Defendant, performing duties as a qualified personnel for the Defendant, within a company operated business facility, located in Miami-Dade County, Florida.

3. Defendant, is a for-profit corporation, duly authorized to conduct business in the State of Florida, and specifically operated in Miami-Dade County, having multiple store locations therein.

4.  Defendant is an "employer" pursuant to the Fair Labor Standards Act and Plaintiff is considered to be an "employee."

5.  FLSA jurisdiction in this Court is proper under 29 U.S.C. § 216(b).

6.  Venue is proper in Miami-Dade County, Florida, pursuant to Fla. Stat. Section 47.011, because all of the actions complained of herein occurred within the jurisdiction of the Eleventh Judicial Circuit, In and for Miami-Dade County, Florida.

7.  Plaintiff seeks all declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8.  All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

9.  On or about April 2019, parties to this cause of action entered into an employment agreement where Plaintiff was employed with Defendant as an Assistant Manager in their Hialeah store (#5945).

10. Plaintiff was promoted by Defendant to Operations Manager on or about January 2020.

11. Plaintiff was transferred to the Homestead store (#3183) and remained as Operations Manager, where he was to be compensated at a bi-weekly rate of $2,500.00.

12. The parties continued the aforementioned agreement until Defendant breached the above referenced agreement by not paying Plaintiff for three weeks' worth of vacation time and the five days he worked for Defendant before the parties' separation.

13. Plaintiff seeks to be paid for Defendant's failure to compensate for services rendered.

14. Throughout Plaintiff's employment, Plaintiff worked in excess of fifty (50) hours per week. At all times material hereto, Defendants were on notice of and/or had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

15. Plaintiff's job terminated on September 23, 2020.

### COUNT I:
### VIOLATION OF FLSA WAGE AND HOUR REGULATIONS

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

17. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

18. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

19. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of

the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

20. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the FLSA applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

21. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

22. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    b.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

    c.  Award Plaintiff an equal amount in double damages/liquidated damages; and

    d.  Award Plaintiff the costs of this action, together with reasonable attorney fees; and

    e.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances

## COUNT II:
## BREACH OF CONTRACT

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this Complaint as if set out in full herein.

24. Defendant's actions are in breach of the Agreement and contrary to the intent and conduct of the parties since the Agreement was entered into.

25. Defendant's conduct is in breach of the implied covenant of good faith and fair dealing found in every contract, including the Agreement entered into between Plaintiff and Defendant.

26. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

   **WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for the actual monetary value for the breach of agreement, compensatory damages, punitive damages, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT III:
## UNJUST ENRICHMENT

27. Plaintiff re-alleges and incorporates paragraphs 1 through 15 of this Complaint as if fully set forth herein.

28. Since Defendant have retained and failed to remit the wages owed to Plaintiff, they have been unjustly enriched which results in prejudice against Plaintiff.

29. If Defendant retains the owed wages pursuant to the parties' employment agreement, it will receive a windfall. Only by remitting the wages earned pursuant to the agreement will the Plaintiff, be compensated in accordance with the amount of service he has performed and the status quo preserved.

**WHEREFORE**, Plaintiff request that this Court enter a judgment against Defendant for compensatory damages, restitution, punitive damages, prejudgment interest, attorney's fees and costs, and for such other relief as is just and proper, and a trial by jury.

**COUNT IV:**
**QUANTUM MERUIT**

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

31. Plaintiff has conferred a benefit onto Defendant by performing and providing services for Defendant.

32. Defendant has knowledge of the services performed and provided and the benefit provided by Plaintiff.

33. Defendant accepted Plaintiff's services to Defendant.

34. Defendant retains an inequitable benefit from Plaintiff by not properly paying Plaintiff, in violation of the laws of the United States and the State of Florida.

35. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendant.

**WHEREFORE**, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendant, interest and costs, and other damages deemed just by this Honorable Court.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: January 28, 2021

Respectfully submitted,

/s/ Max L. Horowitz
**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: _____

JULIO CASTILLO,

     Plaintiff,

vs.

WALMART, INC.,
A Foreign Profit Corporation,

     Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO:** WALMART, INC., through its Registered Agent:

          C T CORPORATION SYSTEM
          1200 SOUTH PINE ISLAND ROAD
          PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY:**

          **Anthony M. Georges-Pierre, Esq.**
          **REMER & GEORGES-PIERRE, PLLC**
          **COURTHOUSE TOWER**
          **44 West Flagler Street, Suite 2200**
          **Miami, FL 33130**

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____        _____
CLERK                                DATE

_____
(BY) DEPUTY CLERK

**IN THE CIRCUIT COURT OF THE**
**ELEVENTH JUDICIAL CIRCUIT IN AND FOR**
**MIAMI-DADE COUNTY, FLORIDA**

JULIO CASTILLO,             )
                           )
         Plaintiff,     )
                           )
        v.            )   CASE NO. 2021-002140-CA-01
                           )
WALMART INC.,          )
                           )
        Defendant.   )
                           )
                           )
_____)

## DEFENDANT WALMART INC.'S ANSWER AND DEFENSES TO COMPLAINT

Defendant Walmart Inc. ("Walmart") hereby answers the Complaint and Demand for Jury Trial ("Complaint") of Plaintiff Julio Castillo ("Plaintiff") filed in the above-referenced action.

Unless expressly stated otherwise, Walmart denies each and every allegation in the Complaint, and specifically denies any liability to Plaintiff. To the extent not expressly denied, all allegations for which Walmart denies possessing knowledge or information sufficient to form a belief are denied. Walmart reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

## GENERAL ALLEGATIONS

1.      Paragraph 1, which summarizes Plaintiff's claims, does not require a response. To the extent a response is required, Walmart denies that Plaintiff is entitled to any relief or damages on any of the claims asserted against Walmart under the federal Fair Labor Standards Act ("FLSA") or Florida Law.

2.      In response to Paragraph 2 of the Complaint, Walmart admits that Plaintiff was employed at two Walmart stores located in Miami-Dade County at certain times relevant to the

Complaint. Walmart lacks knowledge as to Plaintiff's residency and, on that basis, denies the remaining allegations in Paragraph 2.

3.      In response to Paragraph 3 of the Complaint, Walmart admits that it is a for-profit corporation authorized to conduct business in the State of Florida with operations in Miami-Dade County.

4.      In response to Paragraph 4 of the Complaint, Walmart states that the allegations in Paragraph 4 state legal conclusions to which no response is required. To the extent a response is required, Walmart admits that Plaintiff has alleged that Walmart is an "employer" and that Plaintiff is considered an "employee" under the FLSA.

5.      In response to Paragraph 5 of the Complaint, Walmart states that the allegations in Paragraph 5 state legal conclusions to which no response is required. To the extent a response is required, Walmart admits that Plaintiff has alleged that jurisdiction is proper in this Court under 29 U.S.C. § 216(b).

6.       In response to Paragraph 6 of the Complaint, Walmart states that the allegations in Paragraph 6 state legal conclusions to which no response is required. To the extent a response is required, Walmart admits that Plaintiff has alleged that certain actions occurred in Miami-Dade County, Florida and that jurisdiction in this Court is proper under Fla. Stat. Section 47.011.

7.      Paragraph 7, which summarizes the relief Plaintiff seeks, does not require a response. To the extent a response is required, Walmart denies that Plaintiff is entitled to any relief or damages on any of the claims asserted against Walmart.

8.       In response to Paragraph 8 of the Complaint, Walmart lacks knowledge of the actions Plaintiff has and has not taken before filing this Action, and on that basis denies that all conditions precedent for the filing of this Action have occurred. The remaining allegations in

Paragraph 8 state legal conclusions to which no response is required.

## **FACTUAL ALLEGATIONS**

9.      In response to Paragraph 9 of the Complaint, Walmart admits that one or more of its subsidiaries employed Plaintiff as an Assistant Store Manager at a store located in Hialeah, Florida. Walmart denies the existence of an employment agreement to the extent that is interpreted as anything other than an at-will employment relationship. The remaining allegations in Paragraph 9 state legal conclusions to which no response is required.

10.      In response to Paragraph 10 of the Complaint, Walmart admits that Plaintiff became an Operations Manager on or about February 15, 2020. Walmart denies the remaining allegations in Paragraph 10.

11.      In response to Paragraph 11 of the Complaint, Walmart admits that Plaintiff worked as an Operations Manager at a store located in Homestead, Florida. Walmart denies the remaining allegations in Paragraph 11

12.      In response to Paragraph 12, Walmart admits that Plaintiff's employment ended. Walmart denies that the parties entered into an employment agreement, that it breached any such agreement, and that it owes Plaintiff any unpaid wages or vacation time. The remaining allegations in Paragraph 12 state legal conclusions to which no response is required.

13.      Paragraph 13, which summarizes the relief Plaintiff seeks, does not require a response. To the extent a response is required, Walmart denies that Plaintiff is entitled to any relief or damages on any of the claims asserted against Walmart.

14.      In response to Paragraph 14, Walmart denies that Plaintiff worked in excess of fifty hours every work week and denies that Walmart was on notice or had knowledge of the specific number of hours Plaintiff worked each work week.

15.     Walmart admits that Plaintiff's employment ended on or about September 23, 2020.

## COUNT I:
## VIOLATION OF FLSA WAGE AND HOUR REGULATIONS

16.     Paragraph 16, which incorporates by reference Plaintiff's prior allegations, does not require a response. To the extent any response is required, Walmart incorporates by reference its responses to Paragraphs 1 through 15 above, as if fully set forth herein.

17.     Paragraph 17, which summarizes the relief Plaintiff seeks, does not require a response. To the extent a response is required, Walmart denies that Plaintiff is entitled to any relief or damages on any of the claims asserted against Walmart.

18.     In response to Paragraph 18, Walmart admits that it engages in interstate commerce, including the sales of goods that have been transported in interstate commerce, and interstate telephonic communications. Walmart denies the remaining allegations in Paragraph 18.

19.     In response to Paragraph 19, Walmart admits that its annual gross revenue exceeds $500,000. Walmart denies the remaining allegations in Paragraph 19.

20.     In response to Paragraph 20 of the Complaint, Walmart states that the allegations in Paragraph 20 state legal conclusions to which no response is required. To the extent a response is required, Walmart admits only that Plaintiff maintains that it meets the definition of an enterprise engaged in commerce as defined in Sections 3(r) and 3(s) of the FLSA.

21.     Paragraph 21, which summarizes the relief Plaintiff seeks, does not require a response. To the extent a response is required, Walmart denies that Plaintiff is entitled to any relief or damages on any of the claims asserted against Walmart.

22.     Walmart denies all allegations in Paragraph 22 of the Complaint.

To the extent any response to the unnumbered prayer for relief paragraph in Count I is required, Walmart admits only that Plaintiff seeks the relief described in subsections a through e.

Walmart denies that Plaintiff's First Cause of Action has merit and denies that Plaintiff is entitled to any relief or damages whatsoever in this matter.

## COUNT II:
## BREACH OF CONTRACT

23.     Paragraph 23, which incorporates by reference Plaintiff's prior allegations stated in Paragraphs 1 through 15, does not require a response. To the extent any response is required, Walmart incorporates by reference its responses to Paragraphs 1 through 15 above, as if fully set forth herein.

24.     Walmart denies all allegations in Paragraph 24 of the Complaint.

25.     Walmart denies all allegations in Paragraph 25 of the Complaint.

26.     Walmart denies all allegations in Paragraph 26 of the Complaint.

To the extent any response to the unnumbered prayer for relief paragraph in Count II is required, Walmart admits only that Plaintiff seeks the relief described therein. Walmart denies that Plaintiff's Second Cause of Action has merit and denies that Plaintiff is entitled to any relief or damages whatsoever in this matter.

## COUNT III:
## UNJUST ENRICHMENT

27.     Paragraph 27, which incorporates by reference Plaintiff's prior allegations stated in Paragraphs 1 through 15, does not require a response. To the extent any response is required, Walmart incorporates by reference its responses to Paragraphs 1 through 15 above, as if fully set forth herein.

28.     Walmart denies all allegations in Paragraph 28 of the Complaint.

29.     Walmart denies all allegations in Paragraph 29 of the Complaint.

To the extent any response to the unnumbered prayer for relief paragraph in Count III is

required, Walmart admits only that Plaintiff seeks the relief described therein. Walmart denies that Plaintiff's Third Cause of Action has merit and denies that Plaintiff is entitled to any relief or damages whatsoever in this matter.

**COUNT IV:**
**QUANTUM MERUIT**

30.     Paragraph 30, which incorporates by reference Plaintiff's prior allegations stated in Paragraphs 1 through 15, does not require a response. To the extent any response is required, Walmart incorporates by reference its responses to Paragraphs 1 through 15 above, as if fully set forth herein.

31.     Walmart admits only that one or more of its subsidiaries employed Plaintiff. Walmart denies all remaining allegations in Paragraph 31 of the Complaint.

32.     Walmart admits only that one or more of its subsidiaries employed Plaintiff. Walmart denies all remaining allegations in Paragraph 32 of the Complaint.

33.     Walmart admits only that one or more of its subsidiaries employed Plaintiff. Walmart denies all remaining allegations in Paragraph 33 of the Complaint.

34.     Walmart denies all allegations in Paragraph 34 of the Complaint.

35.     Paragraph 35, which summarizes the relief Plaintiff seeks, does not require a response. To the extent a response is required, Walmart denies that Plaintiff is entitled to any relief or damages on any of the claims asserted against Walmart.

To the extent any response to the unnumbered prayer for relief paragraph in Count IV is required, Walmart admits only that Plaintiff seeks the relief described therein. Walmart denies that Plaintiff's Fourth Cause of Action has merit and denies that Plaintiff is entitled to any relief or damages whatsoever in this matter.

## JURY DEMAND

To the extent a response is required, Walmart admits that Plaintiff demands a jury trial. Walmart denies that Plaintiff's claims have any merit or that Plaintiff is entitled to any relief whatsoever.

## DEFENSES AND AFFIRMATIVE DEFENSES

Subject to and without waiving the foregoing, Walmart asserts the following affirmative and other defenses.  Walmart reserves the right to amend or supplement its answer and/or defenses as may be warranted by the information developed through subsequent discovery. Nothing stated herein constitutes a concession as to whether or not Plaintiff or Walmart bears the burden of proof on any issue:

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred to the extent they seek remedies beyond those provided for under the FLSA or Florida State Law.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff was exempt from the overtime provisions of the FSLA or otherwise subject to statutory exemptions, exclusions, exceptions, or credits under the FLSA, 29 U.S.C. § 213.

### FOURTH DEFENSE

Plaintiff's claims fail, in whole or in part, because there was no express or implied contract between Walmart and Plaintiff.

**FIFTH DEFENSE**

Plaintiff's breach of contract and/or equitable claim(s) fail because such claims are preempted, including by federal and state statutes.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including Fla. Stat. Ann. § 95.11 and 29 U.S.C. § 255.

**SEVENTH DEFENSE**

Walmart acted in good faith and with reasonable grounds for believing that it was not in violation of any applicable laws.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that portions of the time periods for which he is claiming entitlement to overtime or other unpaid wages are *de minimis*.

**NINTH DEFENSE**

No act or omission of Walmart alleged to have violated the FLSA or Florida State Law was willful, knowing, or in reckless disregard of the provisions of the applicable law.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, accord and satisfaction, settlement, acquiescence, consent, and/or release.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, and/or unclean hands.

### TWELFTH DEFENSE

Walmart is entitled to setoff, and/or to recoup, any overpaid wages and/or benefits paid to Plaintiff.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of payment to the extent that Plaintiff has received all amounts due and owed.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, due to a failure to mitigate his damages, if in fact he had any.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, as to all hours during which he was engaged in activities that were preliminary or postliminary to his principal activities.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, as to all hours allegedly worked that Walmart did not suffer or permit be worked and/or of which Walmart lacked actual or constructive knowledge.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that he violated practices and guidelines or failed to perform his job duties in accordance with Walmart's reasonable expectations of the position.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent he lacks standing to seek some or all of the requested relief.

**NINETEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of judicial estoppel to the extent he filed a personal bankruptcy without disclosing his claims against Walmart.

**TWENTIETH DEFENSE**

Plaintiff's claims are barred to the extent he seeks injunctive relief because he has an adequate remedy at law and/or lacks standing and/or cannot make the requisite showing to obtain injunctive relief.

**TWENTY-FIRST DEFENSE**

Walmart has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other defenses as may become available or apparent during the course of discovery and to amend its answer to assert such additional defenses.

WHEREFORE, having fully answered Plaintiff's Complaint, and denied any and all unlawful conduct alleged by Plaintiff, Walmart hereby requests that the Complaint be dismissed in its entirety with prejudice, that Plaintiff take nothing by way of the Complaint, that Walmart be awarded its costs and attorneys' fees incurred herein as appropriate, and that Walmart be awarded such further relief as the Court deems just and proper.

Dated: March 1, 2021                    Respectfully submitted,

                                        */s/ Christopher M. Lomax*
                                        Christopher M. Lomax
                                        clomax@jonesday.com
                                        Florida Bar No. 56220
                                        JONES DAY
                                        600 Brickell Avenue
                                        Brickell World Plaza, Suite 3300
                                        Miami, FL  33131
                                        Telephone:   +305.714.9700
                                        Facsimile:     +305.714.9799

                                        *Attorneys for Defendant*
                                        *WALMART INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2021, I filed the foregoing document with the Clerk of the Court using the Florida Courts E-Filing Portal, which will prompt service to the following at their e-mail address on file with the Court:

> Anthony M. Georges-Pierre
> agp@rpgattorneys.com
> Max L. Horowitz
> mhorowitz@rgpattorneys.com
> REMER & GEORGES-PIERRE,
> PLLC
> Courthouse Tower
> 44 West Flagler Street, Suite 2200
> Miami, FL 33130
> Telephone:     +305.416.5000
> Facsimile:     +305.416.5005

*/s/ Christopher M. Lomax*
Christopher M. Lomax