UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-20919-DPG

JULIO CASTILLO

    Plaintiff,

vs.

WALMART, INC.,
A Foreign Profit Corporation,

    Defendant.
_____/

## PLAINTIFF'S FIRST AMENDED COMPLAINT[1]

COMES NOW, Plaintiff, JULIO CASTILLO ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, WALMART, and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages and breach of contract exceeding $30,000 excluding attorneys' fees or costs for (1) Defendant's breach of agreement; (2) unjust enrichment; (3) quantum meruit pursuant to Florida Law; (4) unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201, et. seq. (hereinafter the "FLSA"), and

---

[1] On March 8, 2021, Plaintiff filed this First Amended Complaint in the State Court action in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2021-002140-CA-01. The First Amended Complaint was filed as of right, pursuant to Florida Rules of Civil Procedure 1.190(a). However, on that same day, Defendant filed its Notice of Removal to Federal Court, sending this action to the United States District Court for the Southern District of Florida. The case number for the federal court action was not provided to the parties until the morning of March 9, 2021. Therefore, to establish clarity on the record of the federal action, Plaintiff hereby re-files this First Amended Complaint with the federal court case style and case number and *no other changes*, as of right, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). To the extent that this filing conflicts with the State Court record showing a filing of a First Amended Complaint on March 8, 2021, Plaintiff hereby strikes the Amended Complaint on the State Court docket and further represents that the instant filing should be the only operative Complaint to date in this case. Of course, Plaintiff is happy to comply with any further procedural requirements that this Honorable Court deems necessary.

(5) The Family and Medical Leave Act, 29 U.S.C. §§ 2601, et seq, ("FMLA"), to redress injuries resulting from Defendant's unlawful actions.

2. Plaintiff is currently a resident of Hillsborough County, but was, at all times material to the allegations of this Complaint, a resident of Miami-Dade County, Florida; and was an employee of Defendant, performing duties as a qualified personnel for the Defendant, within a company operated business facility, located in Miami-Dade County, Florida.

3. Defendant, is a for-profit corporation, duly authorized to conduct business in the State of Florida, and specifically operated in Miami-Dade County, having multiple store locations therein.

4. Defendant is an "employer" pursuant to the Fair Labor Standards Act and Plaintiff is considered to be an "employee."

5. FLSA jurisdiction in this Court is proper under 29 U.S.C. § 216(b).

6. Venue is proper in Miami-Dade County, Florida, pursuant to Fla. Stat. Section 47.011, because all of the actions complained of herein occurred within the jurisdiction of the Eleventh Judicial Circuit, In and for Miami-Dade County, Florida.

7. Plaintiff seeks all declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

9. On or about April 2019, parties to this cause of action entered into an employment agreement where Plaintiff was employed with Defendant as an Assistant Manager in their Hialeah store (#5945).

10. Plaintiff was promoted by Defendant to Operations Manager on or about January 2020.

11. Plaintiff was transferred to the Homestead store (#3183) and remained as Operations Manager, where he was to be compensated at a bi-weekly rate of $2,500.00.

12. The parties continued the aforementioned agreement until Defendant breached the above referenced agreement by not paying Plaintiff for three weeks' worth of vacation time and the five days he worked for Defendant before the parties' separation.

13. Plaintiff seeks to be paid for Defendant's failure to compensate for services rendered.

14. Throughout Plaintiff's employment, Plaintiff worked in excess of fifty (50) hours per week. At all times material hereto, Defendants were on notice of and/or had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

15. Plaintiff's job terminated on September 23, 2020.

## COUNT I:
## VIOLATION OF FLSA WAGE AND HOUR REGULATIONS

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

17. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

18. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

19. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

20. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the FLSA applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

21. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

22. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing

Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances

## COUNT II:
## BREACH OF CONTRACT

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this Complaint as if set out in full herein.

24. Defendant's actions are in breach of the Agreement and contrary to the intent and conduct of the parties since the Agreement was entered into.

25. Defendant's conduct is in breach of the implied covenant of good faith and fair dealing found in every contract, including the Agreement entered into between Plaintiff and Defendant.

26. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for the actual monetary value for the breach of agreement, compensatory damages, punitive damages,

exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT III:
## UNJUST ENRICHMENT

27. Plaintiff re-alleges and incorporates paragraphs 1 through 15 of this Complaint as if fully set forth herein.

28. Since Defendant have retained and failed to remit the wages owed to Plaintiff, they have been unjustly enriched which results in prejudice against Plaintiff.

29. If Defendant retains the owed wages pursuant to the parties' employment agreement, it will receive a windfall. Only by remitting the wages earned pursuant to the agreement will the Plaintiff, be compensated in accordance with the amount of service he has performed and the status quo preserved.

**WHEREFORE**, Plaintiff request that this Court enter a judgment against Defendant for compensatory damages, restitution, punitive damages, prejudgment interest, attorney's fees and costs, and for such other relief as is just and proper, and a trial by jury.

## COUNT IV:
## QUANTUM MERUIT

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

31. Plaintiff has conferred a benefit onto Defendant by performing and providing services for Defendant.

32. Defendant has knowledge of the services performed and provided and the benefit provided by Plaintiff.

33. Defendant accepted Plaintiff's services to Defendant.

34. Defendant retains an inequitable benefit from Plaintiff by not properly paying Plaintiff, in violation of the laws of the United States and the State of Florida.

35. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendant.

**WHEREFORE**, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT V:
## RETALIATION VIOLATION OF THE FMLA FOR INTERFERENCE WITH PLAINTIFF'S FMLA RIGHTS

36. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

37. Plaintiff had a right under the FMLA to take the leave Plaintiff requested. Plaintiff was entitled to and eligible for leave under the law.

38. By requesting and taking the leave Plaintiff engaged in a statutorily protected activity.

39. Defendant's non-payment of Plaintiff's wages and Plaintiff's termination constitutes an adverse employment action under the law.

40. Defendant's decision to terminate the Plaintiff, as previously described, was causally related to Plaintiff's statutorily protected activity.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a.   Adjudge and decree that Defendant has violated the FMLA, and has done so

      willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees;

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.


Dated: March 9, 2021            Respectfully submitted,

/s/ Max L. Horowitz
**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

## **CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that on <u>March 9, 2021</u>, I electronically filed the foregoing document with the CM/ECF E-Filing Portal. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via electronic transmission of Notices generated by the CM/ECF E-Filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive such Notices.

**Christopher M. Lomax, Esq.**
clomax@jonesday.com
**JONES DAY**
600 Brickell Avenue
Brickell World Plaza, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 714-9799
*Attorneys for Defendant*

                                                  /s/ Max L. Horowitz
                                                  **Anthony M. Georges-Pierre, Esq.**
                                                  Florida Bar No. 533637
                                                **Max L. Horowitz, Esq.**
                                                Florida Bar No.: 118269